14865

HOOK *ET AL.* v. UNITED STATES FIRE INS. CO.

(2 S. E. (2d), 531)

*Messrs. Cooper & Maher,* for appellant,

*Mr. E. J. Best,* for respondents,

April 11, 1939.

The opinion 'of the Court was delivered by MR. JUSTICE BONHAM.

We make from the agreed statement for this appeal, the following summary of the pleadings and proceedings: The action was brought in the County Court for Richland

County, upon a complaint which alleged that the defendant, on November 15, 1937, issued to plaintiff its Policy No. U-MT 529984, whereby it insured plaintiffs against losses to cargo due to collision to a truck, the property of plaintiffs; that on December 15, 1937, the plaintiffs suffered a loss to certain merchandise as a result of a collision to its truck, amounting to $186.45.

For answer, defendant admitted issuing the policy, but denied that defendant became liable for the loss of cargo referred to in the complaint.

Near the close of plaintiff's testimony, plaintiffs' counsel moved the Court for leave to amend the complaint "by alleging in lieu of the allegations reciting the issuance of the particular Policy U-MT 529984, that the defendant on November 15, 1937, issued to the plaintiffs a cargo policy, similar in all respects to the said Policy U-MT 529984, except as to the date of execution." Counsel for the defendant consented to the amendment, relying upon its defense that no policy other than the policy known as U-MT 529984 had been issued to plaintiffs.

At the conclusion of the testimony for the plaintiffs, the defendant's counsel moved for nonsuit on the grounds:

"1. That the plaintiffs have not offered testimony sufficient to establish a cause of action against the defendant in that there is no testimony to show or prove that J. L. Mimnaugh was on November 15, 1937, the date of the alleged application for the cargo policy, and the alleged payment of the premium thereon, an agent of the defendant, United States Fire Insurance Company.

"2. That the plaintiffs' own testimony proves that but one policy was issued by the defendant to the plaintiffs, that policy being the defendant's Policy No. U-MT 529984, which the plaintiffs recognized as the only policy issued to them and which their own testimony shows became effective December 16, 1937, and under which they were paid for a cargo loss of December 27, 1937.

"3. That the uncontradicted testimony shows that the loss here sued for occurred November 15, 1937, thirty-one days before the policy under which the parties operated and recognized, became effective."

The motion was refused.

If defendant had made this motion for nonsuit before it consented to the amendment of the complaint, we think the Court was bound to have granted it. At that time the only policy alleged, or offered to be proved, was Policy U-MT 529984, which shows on its face to have been issued December 16, 1937, and, therefore, that it did not cover the cargo loss sustained December 15, 1937. But the defendant consented that the complaint be amended "by alleging, in lieu of the allegations reciting the issuance of the particular policy, U-MT 529984, that defendant on November 15, 1937, issued to the plaintiffs a cargo policy similar in all respects to the said Policy U-MT 529984, except as to the date of execution."

From the briefs of appellant's counsel we copy the following statement: "In the course of the trial the respondent discovered, upon examination of Policy U-MT 529984 (the production of which respondent had demanded), that such policy, by its terms, became effective December 16, 1937, the day following the alleged loss at Palatka, Florida, on December 15, 1937. Respondent's counsel thereupon moved to be permitted to amend his complaint by eliminating reference to Policy U-MT 529984, and let the complaint stand alleging that appellant issued a policy of insurance on November 15, 1937. Counsel for appellant, at first, opposed the motion to amend (folio II). However, in order to eliminate the expense to the county of a subsequent trial, a jury having been empanelled and one of appellant's witnesses having come a distance of more than one hundred miles to attend the trial, respondent was permitted to amend the complaint with the understanding that respondent would be required to prove that the cargo insurance policy issued

by the appellant was in force as of the date of alleged loss, December 15, 1937 (folio 166)."

However commendable as an act of liberal practice was the action of appellant's counsel in consenting to the amendment, it proved to be his undoing. It opened the door wide for the introduction of testimony to the effect that on November 15, 1937, appellant had issued to plaintiffs a cargo loss policy similar in all respects, save as to date of execution, to Policy U-MT 529984.

It is not for this Court to pass upon the force and sufficiency of testimony.

There remained for consideration at the close of all the testimony, two questions of fact: (1) Did appellant, on November 15, 1937, issue to plaintiffs a cargo loss policy similar to Policy U-MT 529984, and did it cover the loss sued on? (2) Was John L. Mimnaugh the agent of the appellant in issuing such policy?

These issues were properly submitted to the jury. There was testimony touching both issues, the force and effect of which were questions for the determination of the jury.

The judgment of the Court below is affirmed.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE H. F. RICE concur.

MR. JUSTICE CARTER did not participate on account of illness.